1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   United States of America,              )    No. CV-12-0211-PHX-FJM
                                           )
10              Plaintiff,                  )    **ORDER**
                                           )
11  vs.                                    )
                                           )
12  $4,905.00 in U.S. Currency,            )
                                           )
13                                         )
                Defendant.                 )
14                                         )
                                           )
15  _____

16

17          The United States filed this action for Forfeiture In Rem against $4,905.00 in United

18  States currency ("defendant currency"), alleging that defendant currency is subject to

19  forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C) for violations of

20  the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*  Claimant Garnett Fisher filed an out

21  of time claim and answer on April 19, 2012, claiming to have an interest in the defendant

22  currency (doc. 5).  The claim was not signed under penalty of perjury as required by Rule

23  G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

24  Actions ("Supplemental Rules").  The United States notified claimant of the claim deficiency

25  on May 23, 2012.  Motion, ex. 1. Claimant neither responded nor attempted to perfect his

26  claim.

27          We now have before us the United States' motion to strike the claim (doc. 9).

28  Claimant did not respond to the motion and the time for doing so has expired.  Claimant's

failure to respond may be deemed a consent to the granting of the motion and we may dispose of it summarily.  LRCiv 7.2(i).

Under Rule G(5)(a)(i)(C) of the Supplemental Rules, a person asserting an interest in the defendant property must file a claim "signed by the claimant under penalty of perjury." The pleading requirements in Rule G(5) are not merely procedural technicalities, but instead must be strictly enforced.  Verification is essential because of the substantial danger of false claims.

Here, claimant failed to meet the requirement of Rule G(5)(a)(i)(C), failed to respond to the government's notice of the deficiency, and has now failed to respond to the motion to strike.

Therefore, **IT IS ORDERED GRANTING** the United States' motion to strike claim and answer (doc. 9).

DATED this 20th day of November, 2012.

_____
Frederick J. Martone
United States District Judge